UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                     :

UNITED STATES OF AMERICA,      :

                                     :

           - v.-              :

                                     :

ANGELO NICOSIA,          :       S1 07 Cr. 907 (SAS)

                                   :

                    Defendant.    :

                                   :

------------------------------------------------------x

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

                                      MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                            of America

ELIE HONIG
LISA ZORNBERG
Assistant United States Attorneys

       - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                               :

UNITED STATES OF AMERICA,      :

                               :

        - v.-               :

                               :

ANGELO NICOSIA,          :       S1 07 Cr. 907 (SAS)

                               :

                Defendant.     :

                               :
------------------------------------------------------x

## GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function Of Court And Jury.

b.    Indictment Not Evidence.

c.    Statements Of Court And Counsel Not Evidence.

d.    Burden Of Proof And Presumption Of Innocence.

e.    Reasonable Doubt.

f.    Government Treated Like Any Other Party.

g.    Definitions, Explanations, And Example Of Direct And Circumstantial Evidence.

h.    Inferences.

i.    Credibility Of Witnesses.

j.    Right to See Exhibits And Have Testimony Read During Deliberations.

k.    Sympathy:  Oath Of Jurors.

l.    Punishment Is Not To Be Considered By The Jury.

m.    Verdict Of Guilt Or Innocence Must Be Unanimous.

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendant, ANGELO NICOSIA, has been formally charged in what is called an Indictment. An indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

<u>REQUEST NO. 3</u>

<u>Summary of Indictment</u>

The indictment contains two counts or "charges."

Count One charges that, from in or about 2004, up to and including in or about February 2005, the defendant, ANGELO NICOSIA, conspired with others to commit extortion. Count Two charges NICOSIA with committing the substantive offense of extortion, during the same time period.

You must consider each count separately, and you must return a separate verdict of guilty or not guilty for each count. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Hon. Leonard B. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6.

4

<u>REQUEST NO. 4</u>

<u>Hobbs Act Extortion</u>

<u>The Indictment And The Statute</u>

Counts One and Two charge NICOSIA with participating in a conspiracy to commit extortion and with extortion, both in violation of the Hobbs Act.

The Hobbs Act is the federal extortion statute.  It provides, in relevant part, as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of an article or commodity in commerce, by extortion, or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [is guilty of a crime].

The Hobbs Act is a law that was passed by Congress to remove barriers to the free flow of commerce.  Its purpose is to use all the constitutional power Congress has to punish interference with interstate commerce by extortion.

Count One of the Indictment reads as follows:

**[Read Count One]**

Count Two of the Indictment reads as follows:

**[Read Count Two]**

Adapted from the charge of the Hon. Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

<u>REQUEST NO. 5</u>

<u>Count One: Extortion Conspiracy</u>

<u>Conspiracy – General</u>

Now let me talk to you about the law of conspiracy to begin with.  A conspiracy is a kind of a criminal partnership.  It is a combination or an agreement of two or more people to join together to achieve some unlawful purpose.

The crime of conspiracy to violate a federal law, which is what is charged in Count One of this indictment, is an offense independent of the violation of the law which is said to be the object of the conspiracy.

The crime which is said to be the object of the conspiracy is called a substantive offense.  You need not get too hung up on the terminology.  The key point is that you may find a defendant guilty of the crime of conspiracy to commit extortion even if you find that the extortion itself – or the substantive crime of extortion – that was the object or purpose of the conspiracy, was not actually committed or attempted.  Congress determined it is appropriate to make conspiracy standing alone a separate crime even if the conspiracy is not successful.

<u>REQUEST NO. 6</u>

<u>Count One: Extortion Conspiracy</u>

<u>Elements of the Offense</u>

In order to meet its burden of proving that the defendant is guilty of the extortion conspiracy charged in Count One of the Indictment, the Government must establish beyond a reasonable doubt each of the following elements:

<u>First</u>: the existence at or about the time alleged in the indictment of the conspiracy to commit extortion;

<u>Second</u>: that the defendant you are considering knowingly and willfully associated himself with and joined in that conspiracy; and

<u>Third</u>: that interstate or foreign commerce, or an item moving in interstate or foreign commerce, was or would have been delayed, obstructed or affected in any way or degree if the extortion had been completed.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-3 (1999); <u>McLaughlin</u> v. <u>Anderson</u>, 962 F.2d 187 (2d Cir. 1992)

<u>REQUEST NO. 7</u>

<u>Count One: Extortion Conspiracy</u>

<u>Existence of the Conspiracy</u>

Starting with the first element, a conspiracy, as I told you at the beginning of the case, is a combination, an agreement, or an understanding of two or more people to accomplish by concerted action, a criminal or an unlawful purpose. In this case, the unlawful purpose alleged in Count One to have been the object of the conspiracy was the commission of the crime of extortion.

In other words, for Count One, the Government alleges that there was an agreement or an understanding and that its objective was to commit extortion. For Count One, the conspiracy charge, the success or failure of a conspiracy is not material to the question of guilt or innocence of a conspirator, for the conspiracy, if it existed, is a crime distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project is to be carried out, or the part that each of the persons who is a party to the conspiracy is going to play. As a matter of fact, as a moment's reflection will tell you, it would be quite extraordinary if there were ever such a formal document or specific oral agreement.

8

Common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public. They don't typically publicly broadcast their plans. From its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, through a contrivance, impliedly or tacitly, come to an understanding to violate the law. Express language or specific words are not required to indicate assent or attachment or agreement to the conspiracy. Nor is it required that you find any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find that the defendant entered into the unlawful agreement alleged in the indictment with one or more other people in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may judge the acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," is perfectly applicable here. Often, the only evidence that is available is that of disconnected acts which, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and just as conclusively as more direct proof.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said before, that the conspiracy actually succeed in order for you to conclude that it existed. In deciding whether the conspiracy charged in Count One of the Indictment existed, you may

9

consider all the evidence of the acts, conduct and declarations, by which I mean statements, of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to further the unlawful scheme alleged in Count One of the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

<u>Object of Conspiracy</u>

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Here, with respect to Count One, NICOSIA is charged with conspiring with others to commit extortion. Specifically, he is charged with conspiring with others to extort the owner of a business located in Manhattan. I will provide you with the elements of the substantive offense of extortion in a moment when I go through the elements of Count Two.

Adapted from <u>United States</u> v. <u>Xiang Chen</u>, 02 Cr. 300 (LAK)

<u>REQUEST NO. 8</u>

<u>Count One: Extortion Conspiracy</u>

<u>Membership in a Conspiracy</u>

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, you then must determine the second question, and that is whether the defendant you are considering joined and participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully and knowingly entered into the conspiracy, that is to say the agreement, with a criminal intent, that is with a purpose to violate the law, and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

<u>"Unlawfully," "Willfully" and "Knowingly" Defined</u>

Now, as to this element, the terms "unlawfully," "willfully" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy, if you find that the defendant you are considering joined the conspiracy, he knew what he was doing and that he did it deliberately and voluntarily.

"Unlawfully" means simply contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. He needs only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely, that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he is thinking. However, you do have before you the evidence of acts alleged to have taken place by or with the defendant or in his presence. The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purpose of the conspiracy.

The defendant denies that he was a member of this conspiracy. It is for you to decide whether the Government has established beyond a reasonable doubt that the defendant had the requisite knowledge and intent.

It is not necessary that the defendant you are considering have been fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary for a defendant to know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or that he have a financial stake in the outcome as long as he participated in the manner that I have explained.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the defendant's guilt. A defendant need not have joined the conspiracy at the outset.

12

He may have joined it for any purpose at any time in its progress, and he is still responsible for everything that was done before he joined and everything that was done while it was in existence and while he was a member.

Every member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some play big roles, some play minor roles. The law does not require equal roles. In fact, even a single act can be sufficient to draw a defendant into a conspiracy.

I do, however, want to caution you that merely associating with another person does not make a defendant a member of a conspiracy even if he knows that that other person or other people are engaging in a conspiracy. Simply being at the scene of a crime, even if you know that a crime is taking place, is not a criminal offense. It will not support a conviction.

In other words, knowledge without participating is not enough. What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in accomplishing its unlawful objective.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, he becomes a conspirator.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may take into account against the defendant you are considering any acts or

13

statements made by any of his co-conspirators, even though such acts or statements were not made in the presence of that defendant or were made without his knowledge.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

Adapted from United States v. Xiang Chen, 02 Cr. 300 (LAK)

<u>REQUEST NO. 9</u>

<u>Count One: Extortion Conspiracy</u>

<u>Time Of Conspiracy and Variance in Dates</u>

Count One alleges that the charged conspiracy existed from in or about 2004, up to and including in or about February 2005. It is not essential that the Government prove that the conspiracy started and ended on those specific dates. It is sufficient that you find that the charged conspiracy was formed at some point in time within the charged time periods.

This is also a good time to instruct you that it does not matter if a specific event is alleged in the Indictment to have occurred on or about a certain date but the proof indicated that it was in fact on a different date. The law requires only a substantial similarity of dates alleged in the Indictment and the dates established by the evidence.

Adapted from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991), and from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), <u>aff'd</u> <u>mem</u>., 990 F.2d 622 (2d Cir. 1993).

15

REQUEST NO. 10

Count Two:  Extortion

Elements of the Substantive Offense

Count Two of the Indictment charges NICOSIA with the substantive crime of extortion, which is also the object of the conspiracy charged in Count One.  As I explained to you earlier, the crime of conspiracy to commit extortion is a separate offense from the actual substantive crime of extortion.

The elements of the substantive crime of extortion are these:

First, that the defendant took or obtained the property of another, or attempted to do so.

Second, that the property was taken with the other person's consent, but that the consent was compelled by the wrongful use of actual or threatened force, violence, or fear of injury or economic harm, whether immediate or in the future;

Third, that such actions actually or potentially, in any way or degree, did or would have obstructed, delayed or affected interstate commerce.

Fourth, that the defendant acted unlawfully, willfully and knowingly.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-3 (1999); McLaughlin v. Anderson, 962 F.2d 187 (2d Cir. 1992); and from the charge of the Honorable Denny Chin in United States v. Ruiz, S9 96 Cr. 317 (DC).

16

REQUEST NO. 11

Count Two:  Extortion

First Element – Taking or Obtaining of Property

The first element the Government must prove beyond a reasonable doubt to prove the substantive crime of extortion is that the defendant knowingly took or obtained, or attempted to take or obtain, the personal property of another or from the presence of another, or attempted to do so.  The term "property" includes money, as well as tangible and intangible things of value.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-4 (1999).

<u>REQUEST NO. 12</u>

<u>Count Two:  Extortion</u>

<u>Second Element – Taking Property With Compelled Consent</u>

The Government must also show, beyond a reasonable doubt, that the property was obtained or taken with the person's consent, but that the consent was compelled by the wrongful use of force, violence or fear of injury or economic harm, either immediately or in the future.

It is not necessary that force, violence and fear all were used or threatened. It is enough if any of them were used or threatened.  Now let me turn for a moment to the concept of threat.  Threats need not be direct.  They may be veiled threats made by suggestion, implication or inference, though such inference on the part of the person extorted must be reasonable.  Whether an implied or veiled reference amounts to a threat is a matter for you to decide under all the circumstances.

In considering whether force, violence, or fear was used or threatened, you should give those words their common and ordinary meaning, and understand them as you normally would in conversation.  The threatened violence does not have to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person, or at causing economic, rather than physical harm.  A threat may be made verbally or by a physical gesture, or, as I explained earlier, a threat may be veiled or implied.  Whether a statement or physical gesture actually was a threat depends on all of the circumstances.

18

Fear exists if at least one victim experiences anxiety, concern or worry over expected personal harm, or loss, or financial security. The existence of fear must be determined by the facts that existed at the time property was taken. Your decision whether fear or injury has been used or threatened involves a decision about people's state of mind at the time the property is taken. It is obviously impossible to ascertain or prove directly what a person actually felt. You cannot look into a person's mind to see what his state of mind actually was, but a careful consideration of the circumstances and the evidence should enable you to decide whether fear reasonably would have been the person's state of mind.

Fear of physical or economic injury or personal harm may be found to be reasonable if, considering the demand for money, the person who would have made the demand, and the nature of the conduct, a reasonable person would get the message clearly. There need not be an explicit demand for money; the demand may have been im-plicit in the defendant's conduct or other statements.

Looking at the situation and the actions of people involved may help you determine what their state of mind was. You can consider this kind of evidence -- which is technically called "circumstantial evidence" -- in deciding whether property was obtained or sought through the use or threat of fear.

You have also heard the testimony of witnesses describing their state of mind –- that is, how they felt –- at the time they were asked to give up their property. You should consider that testimony in deciding whether the property was obtained or sought through the use of fear.

19

It is not necessary that the fear be a consequence of a direct threat. It is sufficient that the surrounding circumstances render the person's fear reasonable. You must find that a reasonable person would have been fearful in the circumstances.

If you decide that force or violence was used or threatened to obtain the property, then that is wrongful. You do not have to consider whether the person who took or tried to take the property believed that it was rightfully his. Using force or violence or threats of force or violence to obtain property is wrong. The extortion statute charged here is meant to punish any effort to obtain property by inherently wrongful means, such as force or threats of force or criminal prosecution, regardless of the defendant's claim of right to the property

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-13 (1999); see United States v. Zappola, 677 F.2d 264, 268-69 (2d Cir. 1982) (In enacting Hobbs Act, "Congress meant to punish as extortion any effort to obtain property by inherently wrongful means, such as force or threats of force or criminal prosecution, regardless of the defendant's claim of right to the property.")

<u>REQUEST NO. 13</u>

<u>Count Two:  Extortion</u>

<u>Third Element – Interstate or Foreign Commerce</u>

The third element that the Government must prove is that the extortion affected or

potentially did or would have affected interstate commerce, in some way, even if the effect would

have been slight or minor.

> See <u>United States</u> v. <u>Fabian</u>, 312 F.3d 550, 554 (2d Cir. 2002)
> ("Our precedent requires the government make only a <u>de minimis</u>
> showing to establish the necessary nexus for Hobbs Act
> jurisdiction. '[T]he jurisdictional requirement of the Hobbs Act
> may be satisfied by a showing of a very slight effect on interstate
> commerce.  Even a potential or subtle effect on commerce will
> suffice.'" (quoting <u>United States</u> v. <u>Farrish</u>, 122 F.3d 146, 148 (2d
> Cir. 1997)); Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-8.

It is not necessary for the Government to prove that commerce actually was

affected by the defendant's conduct.  It is sufficient if the alleged extortion <u>possibly</u> or <u>potentially</u>

would have affected interstate or foreign commerce.

> Adapted from the charge of Judge John E. Sprizzo in <u>United States</u>
> v. <u>Farrish</u>, 95 Cr. 750 (JES) (Mar. 7, 1996), <u>aff'd</u>, 122 F.3d 146 (2d
> Cir. 1997); <u>see also United States</u> v. <u>Fabian</u>, 312 F.3d at 554
> (explaining that "all that need be shown is the possibility or
> potential of an effect on interstate commerce, not an actual effect")
> (quoting <u>United States</u> v. <u>Arena</u>, 180 F.3d 380, 390 (2d Cir. 1999)).

It is not necessary for you to find that the defendant intended or anticipated that

the effect of his own acts, or the acts of his co-conspirators, would be to affect interstate

commerce or that the defendant or his co-conspirators had or shared a purpose to affect commerce.  All that is necessary is that the natural effect of the acts he committed would either <u>actually</u> or <u>potentially</u> affect interstate or foreign commerce.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-11; <u>see also</u> <u>United States</u> v. <u>Silverio</u>, 335 F. 3d 183, 187 (2d Cir. 2003) ("We know of no court that has an intent requirement [for the interstate commerce element] for Hobbs Act prosecutions . . ., and refuse to create one in this circuit").

Nor do you have to decide whether the effect on interstate commerce was or would have been harmful or beneficial to a particular business, or to commerce in general.  The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-10.

REQUEST NO. 14

Count Two:  Extortion

Fourth Element – Unlawfully, Willfully and Knowingly

Finally, the Government must prove beyond a reasonable doubt that the defendant

acted unlawfully, willfully, and knowingly.  I have already defined the terms "unlawfully,"

"willfully," and "knowingly" for you in connection with earlier charges and you should apply

those instructions here.

<u>REQUEST NO. 15</u>

<u>Aiding and Abetting</u>

With respect to Count Two, I want to instruct you on what is called "aiding and abetting."  The aiding and abetting statute, Title 18, United States Code, Section 2(a), provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant you are considering physically committed the offense charged in Count Two in order for you to find the defendant guilty of that charge.  Thus, if you do not find beyond a reasonable doubt that the defendant committed the extortion crime charged in Count Two, you may, under certain circumstances, still find the defendant guilty of the crime if the Government establishes beyond a reasonable doubt that he aided or abetted another in committing the crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find the defendant you are considering guilty of extortion if you find beyond a reasonable doubt that the Government has proved both that another person actually committed the extortion, and that the defendant you are considering aided and abetted that person in the commission of the extortion.

24

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. If you do find that a crime was committed, however, then you must consider whether the Government has proven beyond a reasonable doubt that the defendant you are considering aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a person willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a person where a crime is being committed, even coupled with knowledge by him that a crime is being committed, or the mere acquiescence by him in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant you are considering aided or abetted the commission of the crime charged in Count Two, ask yourself these questions:

--    Did he participate in the crime charged as something he wished to bring about?

25

--      Did he associate himself with the criminal venture knowingly and willfully?

--      Did he seek by his actions to make the criminal venture succeed?

If you find beyond a reasonable doubt that the Government established that he did, then the defendant is an aider and abettor, and therefore guilty.  If he did not, then he is not an aider and abettor, and is not guilty of that offense.

Adapted from Sand, Modern Federal Jury Instructions, Instrs. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977); see also United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir. 1981).

REQUEST NO. 16

Venue

In addition to all the elements I have described for you, you must decide with respect to each count of the Indictment whether any act in furtherance of the conspiracy occurred within the Southern District of New York.

The Southern District of New York encompasses the following counties:  New York (or Manhattan), the Bronx, Westchester, Sullivan, Orange, Rockland, Putnam and Dutchess.  In this regard, the Government need not prove that the crime was committed in this District or that the defendant was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this District.

Further, if the crime charged is what is known as a continuing offense – that is, a crime that is committed in more than one district – venue is proper in any district in which the crime was begun, continued or completed.  I instruct you that both of the crimes charged in the Indictment (Counts One and Two) are continuing offenses.  Thus, venue on these counts will lie in this district, the Southern District of New York, if you find that any part of the crimes charged in those counts took place here, whether or not the defendant himself was even in this district.  I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the conspiracy charged.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the

27

Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the scheme was committed in this District.

If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant.

> Adapted from the charge of the Hon. Charles S. Haight, Jr., in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 3-11. See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (venue is governed by preponderance standard).

<u>REQUEST NO. 17</u>

<u>Cooperating Witness Testimony</u>

You have heard from a witness who has testified that he was involved in criminal conduct, and who subsequently pled guilty to his criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does

not follow, however, that simply because a person has admitted to participating in one or more

crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be

given the weight that it deserves in light of the facts and circumstances before you, taking into

account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his

background, and the extent to which his testimony is or is not corroborated by other evidence in

the case.

You heard testimony about an agreement between the Government and the

witness. I must caution you that it is no concern of yours why the Government made an

agreement with a particular witness. Your sole concern is whether a witness has given truthful

testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves

whether this cooperating witness would benefit more by lying, or by telling the truth. Was his

testimony made up in any way because he believed or hoped that he would somehow receive

favorable treatment by testifying falsely? Or did he believe that his interests would be best

served by testifying truthfully? If you believe that the witness was motivated by hopes of

personal gain, was the motivation one that would cause him to lie, or was it one that would cause

him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a

cautious and careful examination of the cooperating witness's testimony and demeanor upon the

witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

> Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote).

> See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); see also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

<u>REQUEST NO. 18</u>

<u>Defendant's Right Not to Testify</u>

[If applicable]

The defendant, ANGELO NICOSIA, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

32

<u>REQUEST NO. 19</u>

<u>Law Enforcement and Government Employee Witnesses</u>


You have heard the testimony of law enforcement agents and of employees of the Government. The fact that a witness may be employed by a federal, state, or city government as a law enforcement agent or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.


Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Martinez</u>, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).

33

<u>REQUEST NO. 20</u>

<u>Expert Testimony</u>

You have heard what is called expert testimony from Investigator John Carillo, an expert on organized crime in the New York City area.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can help you understand the evidence and reach an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because he is an expert.  Nor should you substitute his testimony for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

<u>REQUEST NO. 21</u>

<u>Limiting Instruction -- Similar Act Evidence</u>

The Government has offered evidence tending to show that on different occasions, the defendant, ANGELO NICOSIA, engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that a defendant committed the crimes charged. Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant you are considering committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons. You may also consider this evidence in determining whether the defendant utilized a common scheme or plan in committing both the crimes charged in the indictment and the similar acts introduced by the Government.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant you are considering committed the other act or acts he must also have committed the acts charged in the indictment.

35

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

<u>REQUEST NO. 22</u>

<u>Use of Recordings</u>

Audio recordings and photographs have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations or images may not enter your deliberations. I instruct you that the recordings and photographs were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. What weight you give these recordings, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00 Cr. 1118 (MBM).

REQUEST NO. 23


Transcripts Not Evidence


In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the tapes.  It is for you to decide whether the transcripts correctly present the conversations recorded on the tapes that you heard.


Adapted from charge of the Honorable Michael B. Mukasey in United States v. Joseph Brideson et al., S6 00 Cr. 1118 (MBM).

---

38

<u>REQUEST NO. 24</u>

<u>Persons Not On Trial</u>

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of the Honorable Henry F. Werker in <u>United States</u> v. <u>Barnes</u>,  S 77 Cr. 190 (S.D.N.Y. 1977), <u>aff'd</u>, 604 F.2d 121, 147 (2d Cir. 1979).

REQUEST NO. 25

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

<u>REQUEST NO. 26</u>

<u>Particular Investigative Techniques Not Required</u>

[If Applicable]

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable Robert L. Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr. 314 (RLC); the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992), and the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

REQUEST NO. 27


Charts and Summaries


Some of the exhibits were charts. These charts were introduced basically as summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves evidence. They are intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

It is up to you to determine whether these charts should be accepted or rejected on the basis of the underlying evidence and whether they have any value or significance whatsoever.


Adapted from the charge of the Honorable Kevin T. Duffy in United States v. Castellano, SSS 84 Cr. 63, aff'd in part and rev'd in part sub nom. United States v. Gaggi, 811 F.2d 47 (2d Cir.), cert. denied, 482 U.S. 929 (1987), Tr. at 7019-20, and from Sand, Instr. 74-12.

REQUEST NO. 28

Stipulations

In this case, you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the weight to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept the facts in those stipulations as true.

REQUEST NO. 29


Sympathy: Oath As Jurors


      Under your oath as jurors you are not to be swayed by sympathy or prejudice.

You are to determine the guilt or innocence of each defendant solely on the basis of the evidence

and subject to the law as I have charged you.


      Adapted from 1 Sand, Modern Federal Jury Instructions, Instr. 2-12 and from the
charge of the Honorable Irving Kaufman in United States v. Davis, aff'd, 353 F.2d
614 (2d Cir. 1965), cert. denied, 384 U.S. 953 (1966).

<u>REQUEST NO. 30</u>

<u>Punishment Not to be Considered by the Jury</u>

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations. The duty of imposing sentence is mine and mine alone. Your function is to weigh the evidence and to determine whether each defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in <u>United States</u> v. <u>Drucker</u> (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in <u>United States</u> v. <u>Bruswitz</u>, <u>aff'd</u>, 219 F.2d 59, 62-63 (2d Cir.), <u>cert</u>. <u>denied</u>, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in <u>United States</u> v. <u>Natelli</u>, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-80, <u>aff'd</u>, 527 F.2d 311 (2d Cir.), <u>cert</u>. <u>denied</u>, 425 U.S. 934.

46

<u>REQUEST NO. 31</u>

<u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant, ANGELO NICOSIA, with respect to Counts One and Two of the Indictment.

You must base your verdict solely on the evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans. You are judges – judges of the facts - not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do <u>not</u> report how the vote stands, and, if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

Remember that your verdict must be rendered based solely on the evidence, without fear, without favor, and without prejudice or sympathy.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Adapted from the charge of Judge Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167 (S.D.N.Y. 1973).  <u>See</u> <u>also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

Dated:       New York, New York

             June 26, 2008

                        Respectfully submitted,


                        MICHAEL J. GARCIA

                        United States Attorney for the
                        Southern District of New York




             By:    _____

                        ELIE HONIG

                        LISA ZORNBERG

                        Assistant United States Attorneys

                        212-637-2474/2720

<u>CERTIFICATE OF SERVICE</u>

ELIE HONIG deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on June 26, 2008, he served a copy of the attached Government's Requests to Charge by ECF and Fed Ex, on:

**Daniel Welsh, Esq.**

551 Summit Avenue

Jersey City, NJ 07306

(201) 798-4100

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:  New York, New York

June 26, 2008

_____

ELIE HONIG