July 18, 2008

The Honorable Shira A. Scheindlin
United States District Judge
500 Pearl Street
Room 1620
New York, New York 10007

      Re:    United States v. Angelo Nicosia
                S1 07 Cr. 907 (SAS)

Dear Judge Scheindlin:

      We are in receipt of the government's Rule 404 request dated June 6, 2008 as well as the motion in limine dated July 8, 2008. While the government characterizes the Totowa allegation as 404 material and the West Orange allegation as intrinsic to this case and outside the scope of Rule 404, we submit that both allegations should be scrutinized utilizing a Rule 404 analysis. Both are allegations outside of the conduct charged in the indictment. In both of the allegations the problem is that the connection to Mr. Nicosia and to the present charges is tenuous at best. The proof supporting the other conduct allegations is minimal at best.

      As to the Totowa allegation it is anticipated that Michael Visconti will testify that he participated in an extortion attempt of Jural Construction in 2008 on behalf of Mr. Nicosia. However, the government has produced a witness statement of a Ralph Greco who was a project

superintendent for Jural. In that statement he characterized the incident as "a business discussion" during which no attempt was made to intimidate him by Mr. Nicosia or the two individuals that were with him. If anything, this incident tends to disprove the present charges since it shows Mr. Nicosia handled a similar business dispute in a totally professional manner.

As to the 1997 West Orange allegation it is anticipated that testimony will come from Steven Galise who is named victim in the indictment. However, any such testimony is complete hearsay as Mr. Galise was not present during the incident. The incident was an assault between a Peter Rizzo and Mr. Galise's then business partner, Steven Ventor. There is no evidence to even remotely connect Mr. Nicosia to this Peter Rizzo.

As part of Galise's proposed hearsay testimony regarding the West Orange incident it is anticipated that he will also testify that he learned from others that Mr. Nicosia was connected to organized crime. That is extremely dangerous ground and Galise should not be permitted to paint Mr. Nicosia with the broad brush of La Cosa Nostra absent real proof. Indeed it is even expected that the government's proposed organized crime expert, John Carillo, will not identify Mr. Nicosia as an associate of any organized crime family.

Respectfully,

 /s/ Daniel J. Welsh
Daniel J. Welsh, Esq.

DJW:ar

cc: Elie Honig, AUSA